## SUPREME COURT—IN EQUITY.

---

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

---

EDWARD EVERETT AND W. J. RAWLINS *vs.* B. F. BOLLES.

A MASTER of a vessel has no authority to appoint an agent in the home port.

An agent so appointed cannot recover commissions on disbursements, nor upon cargo sold to himself.

Fees paid by a mortgagee to any attorney for advice are nor recoverable of the mortgagor, there being no agreement to that effect in the mortgage.

Mr. Justice JUDD delivered the opinion of the Court:

The bill in this case was filed August 25th, 1874; answer filed September, 12th, and evidence was taken upon interrogatories and submitted to Mr. Justice Harris, who, on the

E. Everett and W. J. Rawlins *v.* B. F. Bolles.

8th October, referred the accounts, with directions, to a master. On the 12th October the master's report and accounts came in, and on certain exceptions being made thereto by both parties, the account was again referred to the master, and on coming in of his amended account, judgment was on the 26th October, rendered for $848.83 in favor of the plaintiffs. The defendant appealed.

The account between the parties as made up by the master is as follows:

E. EVERETT AND W. J. RAWLINS IN ACCOUNT WITH B. F. BOLLES.

| 1874. | | DR. |
|---|---|---|
| Jan. 5, to paid I. B. Peterson's note and interest | ...... | $3,736 25 |
| To interest from January 5 to October 12, 1874 | | 258 70 |
| To commissions on note ($3,736.25) at 12½ per cent | | 93 40 |
| To amount sundry small bills, wages of seamen, &c., paid by Bolles | | 149 01 |
| April 18, to Craig, wages as ship-keeper for 44 days, at $1 | | 44 00 |
| To Custom House bill | | 45 00 |
| To Bolles & Co.'s bill | | 5 00 |
| To commissions on disbursements, $244.01 at 12½ | | 6 10 |
| To amount of Bolles & Co.'s bill, April 12, 1873 | | 1,206 16 |
| To interest on the same from July 12, 1873, to October 12, 1874, at 9 per cent | | 135 68 |
| To paid Mr. Peterson | | 75 00 |
| July 9, to commissions collecting draft on New Bedford, ($1,305.14) | | 32 62 |
| Sept. 1, to J. L. Lewis' bill | | 894 62 |
| | | $6,682 90 |

| 1874. | | CR. |
|---|---|---|
| March 4, by schooner Kamaile and fittings | $4,000 00 | |
| By proceeds of oil | 2,193 37 | |
| By interest on $2,193.37 from March 4 to October 12, 1874 | 119 53 | |
| July, by nett proceeds currency draft on New Bedford, value in gold | 1,305 14 | |
| By interest on $1,305.14 from July 9 to October 12, 1874 | 30 33 | |
| | | $7,648 37 |
| Oct. 12, by balance due Everett & Rawlins | | $ 965 47 |
| | | $7,648 37 |

E. Everett and W. J. Rawlins *v.* B. F. Bolles.

SECOND ACCOUNT.

| | | |
|---|---:|---:|
| To amount of debits as per first account | $6,682 | 90 |
| Amounts paid Tibbetts & Sorenson | 106 | 75 |
| Interest on do | 4 | 85 |
| Amount paid Hollister & Co | 83 | 86 |
| Interest on do | | 63 |
| Paid J. M. Oat & Co | 82 | 14 |
| Interest on do | 3 | 91 |
| Interest on J. L. Lewis' bill of $894.98 | 9 | 16 |
| | $6,974 | 20 |

| | | |
|---|---:|---:|
| By amount of credits as per first account......$7,648 37 | | |
| Interest on $4,000 from date of bills of sale, | | |
| April 17, 1874, to October 12, 1874 | 174 | 66 |
| | $7,823 | 03 |
| Balance due plaintiffs | 848 | 83 |
| | $7,823 | 03 |

The defendant claims that he should be allowed a commission of 2½ per cent. on $2,193.37, proceeds of certain oil taken by the schooner Kamaile, and sold by Capt. Peterson, the master, to himself. The facts in regard to this transaction we find as follows:

The schooner Kamaile was owned by the plaintiffs, residing in Honolulu. This, therefore, is the "home port." I. B. Peterson was the master. On the 10th April, 1873, when about sailing from this port on a whaling voyage, he left a letter with the defendant, informing him that if he should have occasion to ship any oil to Honolulu, he would consign it to defendant, and expressing his willingness to pay the defendant the usual mercantile commission on all the business entrusted to him. On the 12th April the said master left with defendant a number of bills against the said schooner, with a request that in case he sent defendant money or oil, that he (defendant) would "apply the same to the payment *pro rata* of the above accounts, which show the indebtedness of the schooner Kamaile," &c. He sent no oil

E. Everett and W. J. Rawlins *v.* B. F. Bolles.

to defendant, but on March 4th, 1874, having arrived here, after considerable negotiation, sold 1933 gallons sperm oil to defendant at $1.12¼ per gallon, and 50 gallons humpback oil, at 37½c., $18.75, making in all $2,193.37, and left with defendant a bill for this amount.

The defendant Bolles and his book-keeper, Heustace, both swear that Peterson, the master, agreed at the time of the sale to allow defendant his commissions on the same. This is denied by the master.

It is claimed by defendant's counsel, that as the answer filed is responsive to the bill, defendant's averment in the answer that he was to be allowed commission on this amount, not being disproved by two witnesses or by one witness and corroborating testimony, must be taken as proved. Uma and Kamai *vs.* Colburn, decided by Chief Justice Allen, 31st July, 1872, is cited as adopting this principle. Story's Eq. Pl. Section 849; Mills *vs.* Gore. 20 Pick. 34; Field *vs.* Holland, 6 Cranch 8.

This principle is more fully discussed in Story Eq. Juris. §§1528 and 1529, and is good law; but it does not apply in this case. The allegation in the bill is that the oil was sold by plaintiffs to defendant for $2193.37 for cash, and the answer denies this and asserts a sale by the master to defendant for the said sum, *less commissions.* Here, therefore, is a new allegation by the defendant, or rather a partial admission and a new fact insisted on by way of avoidance.

By the rules of equity pleading, the answer is not evidence of new matter set up; this must be proved by independent testimony.

Hart *vs.* Ten Eyck and others, 2 Johnson's Chancery Rep. 62, and cases there cited.

. The testimony of the master of the vessel is corroborated by the bill of the oil, made by him and left with defendant, in which there is no deduction of commissions.

.But even if it was conclusively established that the master

E. Everett and W. J. Rawlins *v.* B. F. Bolles.

did agree to allow defendant commissions, as an agent, in selling the oil to himself, he has ordinarily no authority at the home port to act as agent of the vessel, much less has he authority to appoint an agent. This law is elementary.

The owners would not be bound by any such bargain if Peterson made it, unless it could be proved that they ratified and adopted it, and the fact that Everett, one of the owners, declined to take $1.10 per gallon for the oil, is strong presumptive evidence that he did not consent to a bargain which sold the oil at $1.12 less 2½ per cent commissions, which would bring it down to less than $1.10, the sum previously refused.

We see no reason therefore for allowing commission on the sales of oil. Should it be proved that Bolles was the regular consignee of the vessel and cargo by the authority of the owners, it is questionable if he would not be required to account for the oil at the highest market price.

The reasoning in regard to commissions on the sales of oil will apply to the commission contended for, on the bills for repairs and supplies; that is, want of authority on the part of the master to delegate the agency to Bolles; and as regards a part of these bills, the holding of the proceeds of the oil by defendant from March till September, kept from the owner the means of paying them themselves.

The defendant claims that plaintiffs should not be credited with $4,000, the price of the schooner Kamaile sold by plaintiffs to defendant 4th March, 1874, and interest on the same, but urges that he took possession of the schooner, as he had a right to do under the mortgage made to him to secure his endorsement of the note, for the purchase money for $3,500, and which note he had paid, and that by another agreement between him and the owner he was to receive a bill of sale in cancellation of the mortgage; that is, that he took the schooner in liquidation of the amount due on the mortgage on her, principal and interest.

The letter from Everett to defendant would seem to imply that this was the first agreement of the parties; but the consideration stated in the last bargain between them, the bill of sale itself, being $4,000, we do not feel authorized to go behind that and say that the schooner was finally sold for any less sum.

The defendant also asks that an attorney's fee of $50 paid by him for advice, &c., in the matter of the purchase of the schooner, be charged to plaintiff. This advice was not taken in the plaintiffs' interest and was not covered by the agreement in the mortgage to pay a reasonable attorney's fee in case of foreclosure, for no foreclosure was made.

As regards the allowance of only $1.00 per diem for the shipkeeper, we must depend upon the testimony taken by the Master in Chancery on this point, no evidence being offered by the parties, and accordingly allow only the sum of $44.00, as charged in the above accounts.

Having thus reviewed all the points of exception made by the defendant's counsel, we find no reason for modifying the judgment made by Mr. Justice Harris, and therefore order, adjudge and decree that defendant pay to plaintiffs, the sum of $848.83 with interest at 9 per cent from October 26th, 1874, and costs, as well as $30.00 fees of the Master in Chancery. Decree accordingly.

A. S. Hartwell for plaintiffs.

R. H. Stanley and W. C. Jones for defendant.

Honolulu, January 27th, 1875.